WMN:AAS
F.#2011R00172

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

MELVIN ANDERSON,

        Defendant.

- - - - - - - - - - - - - - - - -X

**11-113 M**

C O M P L A I N T

(18 U.S.C. § 924(c)(1)(A)(i);
 21 U.S.C. § 846)

EASTERN DISTRICT OF NEW YORK, SS:

      PAUL J. STRAFACI, being duly sworn, deposes and states that he is a Task Force Officer with the Drug Enforcement Administration ("DEA"), duly appointed according to law and acting as such.

      Upon information and belief, on or about January 31, 2011, within the Eastern District of New York and elsewhere, the defendant MELVIN ANDERSON, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

      (Title 21, United States Code, Sections 846 and 841(b)(1)(D); Title 18, United States Code, Sections 2 and 3551 et seq.)

      Upon information and belief, on or about January 31, 2011, within the Eastern District of New York and elsewhere, the

defendant MELVIN ANDERSON, together with others, did knowingly and intentionally use and carry a firearm during and in relation to a drug trafficking crime and did knowingly and intentionally possess a firearm in furtherance of said drug trafficking crime.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 2 and 3551 et seq.)

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. On January 31, 2011, a confidential source (the "CS"), who had previously provided reliable information, informed members of law enforcement that the CS could purchase a firearm in exchange for narcotics from the defendant MELVIN ANDERSON. The CS identified ANDERSON as one of the CS's customers who purchased approximately one pound of marijuana on a weekly basis. The CS further informed members of law enforcement that he/she had purchased a .38 caliber firearm from ANDERSON during March 2009.

2. On the same date, beginning at approximately 1:35 p.m., acting at the direction of law enforcement, the CS made a series of telephone calls to the defendant MELVIN ANDERSON. These telephone calls, which were recorded, are summarized below in sum and substance and in part.

---

[1] The information set forth below is based upon my personal involvement in this investigation, as well as conversations with other law enforcement officers and my review of records and reports. In addition, because this affidavit is being submitted for the limited purpose of establishing probable cause to charge ANDERSON, I have not set forth every fact learned during the course of this investigation.

3. During the first telephone conversation, the CS asked the defendant MELVIN ANDERSON whether he "still got those." When the CS asked him about the "big one," ANDERSON responded affirmatively and stated, "I'm going to get it right now." Based on my training, experience, and knowledge of this investigation, I believe that, in this conversation, ANDERSON agreed to sell a firearm to the CS ("still got those," "big one" and "I'm going to get it right now.").

4. In a subsequent telephone conversation, the defendant MELVIN ANDERSON asked the CS, "How much you got? How much you talking?" The CS responded, "You could do the one for my nigger." ANDERSON then asked the CS, "How does the bud look? . . . Is that shit good?" In response, the CS stated, "It's lime, that's why I need to get something, man. . . . I'm trying to get some for myself." Based on my training, experience, and knowledge of this investigation, I believe that, in this conversation, ANDERSON agreed to sell one firearm in return for one pound of marijuana ("You could do the one for my nigger"). I further believe that ANDERSON asked the CS about the quality of the marijuana ("How does the bud look? . . . Is that shit good?"), and the CS responded that the marijuana was of high quality ("It's lime, that's why I need to get something, man. . . . I'm trying to get some for myself.").

5. During one of the telephone calls, the CS and the defendant MELVIN ANDERSON agreed to meet at 4:30 p.m. on the same

day in the vicinity of 135th Street and Belknap Street in Queens, New York.

6. At approximately 4:30 p.m., members of law enforcement established surveillance at the pre-arranged meeting location. Agents observed the defendant MELVIN ANDERSON arrive in a 2003 Cadillac Sedan de Ville vehicle with New York license plates (the "Subject Vehicle").

7. Agents then surrounded the Subject Vehicle with unmarked law enforcement vehicles. The defendant MELVIN ANDERSON attempted to escape by ramming these vehicles with the Subject Vehicle.

8. After ramming a third law enforcement vehicle and while the Subject Vehicle was still moving, the defendant MELVIN ANDERSON leaped out of the Subject Vehicle and attempted to flee from the area by foot. Members of law enforcement apprehended and arrested ANDERSON several blocks away.

9. Incident to the arrest of the defendant MELVIN ANDERSON, members of law enforcement conducted an inventory search of the Subject Vehicle and located an SKS assault rifle in the trunk. The rifle, which was loaded with 28 rounds of ammunition, had been modified to accommodate an extended clip of ammunition.

10. Following his arrest and waiver of <u>Miranda</u> rights, the defendant MELVIN ANDERSON agreed to speak with members of law enforcement. In sum and substance and part, ANDERSON admitted that he intended to sell the SKS assault rifle to the CS for

$1,000 and that, as a juvenile, he had also sold two other firearms, including a .32 pistol and .45 handgun.  Additionally, ANDERSON admitted that he regularly purchased marijuana from the CS, whom he characterized as a marijuana dealer.

      WHEREFORE, it is requested that the defendant MELVIN ANDERSON be dealt with according to law.

                                S/ Paul Strafaci

                                Paul J. Strafaci
                                Task Force Officer
                                Drug Enforcement Administration

Sworn to before me this
__1st__ day of February, 2011

    S/ Lois Bloom

THE HONORABLE LOIS BLOOM
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK